IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JUST BORN, INC. | ) |
| Plaintiff, | ) **1 : 08** -cv- **0809 -DFH -WTL** |
| vs. | ) Case No. _____ |
| HALLMARK CARDS, INCORPORATED | ) (Hamilton County Superior Court |
| Defendant. | ) Case No. 29D01-0805-PL-604) |

## NOTICE OF REMOVAL

Defendant Hallmark Cards, Incorporated ("Hallmark") files this Notice of Removal under 28 U.S.C. §§ 1441 and 1446. Removal is proper in this case based on the following grounds:

1. Plaintiff in this action is Just Born, Inc and Defendant is Hallmark.

2. On or about May 19, 2008, Plaintiff brought this action for federal trademark infringement, federal trademark dilution, federal false designation of origin or sponsorship, false advertising and trade dress infringement, as well as state and common law trademark infringement, unfair competition, and various business torts in the Superior Court of Hamilton County, Indiana, Room No. 1, at Noblesville, Indiana.

3. Defendant Hallmark was served with the lawsuit on May 24, 2008, by certified mail addressed to Hallmark's agent for service of process.

4. A copy of the Complaint and Summons are attached hereto as Exhibits 1 and 2 respectively, and a copy of the Appearance by Attorney in Civil Case for Plaintiff is attached hereto as Exhibit 3. No other process or pleading was served on Hallmark.

5. The Summons and Complaint were served on Hallmark by certified mail on May 24, 2008. Pursuant to 28 U.S.C. 1446(b), the thirty-day deadline for filing this Notice of Removal would fall no sooner than June 23, 2008. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b) and Fed. R. Civ. P. 6(a).

6. 28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." This Court has original federal question jurisdiction over counts I, II, and III of the Complaint pursuant to 28 U.S.C. §§ 1331 and 1338(a). Counts I, II, and III of the Complaint allege trademark infringement under 15 U.S.C. § 1114; trademark dilution under 15 U.S.C. § 1125(c); and false designation of origin or sponsorship, false advertising, and trade dress infringement under 15 U.S.C. § 1125(a), respectively. Each of Counts I, II, and III of the Complaint arise under an act of Congress, namely the Lanham Act, thus giving the Court original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). These causes of action may be removed to this court pursuant to 28 U.S.C. § 1441(a).

7. This Court has original jurisdiction over Count V of the Complaint pursuant to 28 U.S.C. § 1338(b), which provides: "[t]he district court shall have original jurisdiction of any civil action asserting a claim of unfair competition when joined with a substantial and related claim under the copyright, patent, plant variety protection or trademark laws." Count V of the Complaint alleges unfair competition and falls within the purview of 28 U.S.C. § 1338(b). This cause of action may be removed to this Court pursuant to 28 U.S.C. § 1441(a).

8.      This Court has supplemental jurisdiction over Counts IV, VI, VII, VIII, IX, and X of the Complaint pursuant to 28 U.S.C. § 1367(a).  Counts IV, VI, VII, VIII, IX, and X of the Complaint allege common law trademark infringement; conversion under Ind. Code § 35-43-4-3; forgery under Ind. Code § 35-43-5-2(b); counterfeiting under Ind. Code § 35-43-5-2(a); deception under Ind. Code § 35-43-5-3; and a claim for corrective advertising damages, respectively.  This Court has original jurisdiction over Counts I, II, III, and V, and Counts IV, VI, VII, VIII, IX, and X of the Complaint are "so related to [Counts I, II, III, and V] that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).  Furthermore, none of the exceptions in 28 U.S.C. § 1367(b) or (c) are met.  Thus, removal of Counts IV, VI, VII, VIII, IX, and X of the Complaint is proper.

9.      Thus, the Court has complete jurisdiction (original and/or supplemental) over all the counts in the Complaint, and removal is proper.

10.     This Court is situated in the judicial district and division that embraces the county where the action is currently pending.

11.     Pursuant to 28 U.S.C. § 1446(d), promptly upon filing of this Notice, Defendant's counsel will give written notice of this removal to counsel of record for Plaintiff, and will file a copy of this Notice of Removal with the Clerk of the State Court.

                                    Respectfully Submitted,

                                    _____
                                    Gary C. Furst (19349-64)
                                    **BARNES & THORNBURG LLP**
                                    600 One Summit Square
                                    Fort Wayne, Indiana 46802
                                    Tel: (260) 423-9440 / Fax: (260) 424-8316
                                    E-Mail: gary.furst@btlaw.com

                                    Aaron Staser (25111-82)

**BARNES & THORNBURG LLP**
11 South Meridian Street
Indianapolis, Indiana 46204-3535
Tel: (317) 236-1313 / Fax: (317) 231-7433
E-Mail:  aaron.staser@btlaw.com

*Of Counsel*

Clinton G. Newton
Eric A. Buresh
**SHOOK HARDY & BACON, LLP**
2555 Grand Blvd.
Kansas City, Missouri  64108
Tel: (816) 474-6550 / Fax: (816) 421-5547
E-Mail:  cnewton@shb.com
             eburesh@shb.com

*Attorneys for Defendant Hallmark Cards,
    Incorporated*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing has been served by first-class United States mail, postage prepaid, this 16th day of June, 2008, upon the following:

>Darlene R. Seymour
>1292 E. 91st Street
>Indianapolis, IN 46240

*Attorney for Plaintiff Just Born, Inc.*